Filed 10/9/13  P. v. Westin CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRUCE WESTIN,<br><br>    Defendant and Appellant. | B247068<br><br>(Los Angeles County<br> Super. Ct. No. SA061160) |

APPEAL from an order of the Superior Court of Los Angeles County, Elden S. Fox, Judge.  Affirmed.

Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Bruce Westin appeals from the trial court's order denying his motion to modify his restitution and to reduce his felony conviction to a misdemeanor. We affirm.

As we have summarized in numerous prior opinions in this case, appellant was convicted by jury of committing vandalism causing damage over $400 (Pen. Code, § 594, subd. (a)), and his conviction was affirmed on appeal.[1] (*People v. Westin* (Aug. 18, 2008, B202964) [nonpub. opn.].)

The evidence at trial established that appellant was involved in an ownership dispute related to a duplex in which he was living. In February 2006, Frederick Nitowski, the owner, began proceedings to evict appellant. During these proceedings, appellant threatened that the apartment was not going to be worth anything when he was done. In June 2006, after obtaining an eviction order from the court, Nitowski discovered that appellant had severely damaged the unit. At the time of trial, the damage to the premises was determined to be $71,329. At a later restitution hearing, the court ordered appellant to reimburse the victim in the amount of $94,547.48. This restitution order was affirmed on appeal. (*People v. Westin* (Sept. 30, 2008, B204594) [nonpub. opn.].) The trial court subsequently denied without prejudice appellant's motion to modify the restitution order, advising appellant that he needed more information, such as the insurance policy. We affirmed the trial court's order. (*People v. Westin* (June 23, 2009, B213004) [nonpub. opn.].)

On November 19, 2012, appellant filed a motion to modify restitution pursuant to section 1202.4, subdivision (f)(1), and to reduce his felony to a misdemeanor, relying on sections 17, subdivision (b), and 1203.4. Appellant contended that the property he vandalized had been willed to his mother but taken

---

[1] All further statutory references are to the Penal Code.

by his uncle, that his mother, not his uncle, paid for the homeowners insurance policy, and that Nationwide Insurance paid for the damage to the property. He attached as an exhibit a canceled check indicating payment by Diane Westin to the Automobile Club of Southern California for a homeowners insurance policy.

The court held a hearing on January 4, 2013. The court stated that there was no basis on which it could modify the restitution order, noting that the order already had been affirmed on appeal. After the court explained that the conviction could be reduced to a misdemeanor when the judgment was satisfied, appellant stated that the judgment had been paid by a Nationwide Insurance policy that he owned. The court told appellant that it would consider a reduction to a misdemeanor if appellant brought documentation that the insurance policy he owned had covered the $94,000 in damages and that the insurance company was not seeking indemnification.

Appellant filed another motion to modify restitution and to reduce the felony to a misdemeanor, this time attaching insurance documents as well as the canceled check from Diane Westin for a homeowners policy. The insurance documents indicated that the insurance company paid $94,047.48 to the insured, Fred Nitowski, for vandalism that occurred on June 6, 2006.

At a January 25, 2013 hearing, the court stated that the insurance documents appellant submitted showed that the victims, Fred and Gwen Nitowski, were the insureds, not appellant or his mother. Appellant explained that his mother, not the Nitowskis, paid for the insurance policy on the property. The court declined to reduce the conviction to a misdemeanor because appellant still owed $94,000 in restitution. The court explained that it would not reduce the conviction until the judgment was satisfied or appellant obtained documentation from the victims indicating that they were satisfied. The court thus denied appellant's request for reduction to a misdemeanor under section 1203.4, ordered the district attorney's

3

office to prepare paperwork to enter a restitution judgment pursuant to section 1202.4, subdivision (f), and ordered probation terminated pursuant to section 1203.3.  Appellant filed a notice of appeal.

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441.  Appellant filed a supplemental brief in which he contends that Judge Fox previously stated that he would reduce the conviction to a misdemeanor if appellant provided evidence that the vandalized property was repaired.  Appellant argues that he filed evidence of the repairs made and that the trial court misled him by requiring evidence that the victim was satisfied.

The trial court's denial of a motion to reduce a felony conviction to a misdemeanor is reviewed for abuse of discretion.  (See *People v. Park* (2013) 56 Cal.4th 782, 793; *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.)  "'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]'" (*Alvarez*, *supra*, 14 Cal.4th at p. 977.)  Appellant has not met his burden of showing that the court abused its discretion in denying his motion to reduce his conviction to a misdemeanor.  The court's decision to wait until appellant provided further documentation regarding the satisfaction of the judgment was not an abuse of discretion.

We have examined the entire record and are satisfied that no arguable issues exist, and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

4

**DISPOSITION**

The order denying appellant's motion is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


MANELLA, J.